UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HAYFAA BAROUD** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 10-2048** |
| **WAL-MART STORES, INC.** | * | **SECTION "L"(5)** |

## ORDER

The Court has pending before it Defendant's motion to strike the testimony of Plaintiff's expert witness Ladd Ehlinger. (Rec. Doc. 35).[1] The court has reviewed the briefs and the applicable law and now issues this Order and Reasons.

### I.     Background

This case arises from an accident at Wal-Mart store #553 in St. Tammany Parish. Plaintiff Hayfaa Baroud alleges that on November 24, 2009, while at the Wal-Mart, she sat down in a chair and a large wall clock fell on her head. Plaintiff filed suit in this Court alleging that her injuries were caused by unsafe conditions at the store due to the improper construction, installation, or maintenance of the wall or clock. Wal-Mart has answered and denies liability.

At trial, Plaintiff intends to call Ladd Ehlinger as an architectural expert to testify regarding how the clock was affixed to the wall. Mr. Ehlinger has prepared an expert report setting forth his opinions. He describes his observations of the clock, the mounting apparatus,

---

[1] Wal-Mart has also filed a motion to strike the testimony of Aaron Wolfson, a vocational expert. (Rec. Doc. 34). Plaintiff has informed the Court that she does not oppose that motion and does not intend to call Wolfson at trial. Accordingly, that motion is GRANTED as unopposed.

the screw attaching the clock to the wall, and the wall.  Based on those observations, he offers opinions regarding the appropriateness of the type of screw, mechanisms by which the screw "wallowed" the surface of the wall, or hollowed out a portion of the wall and became loose, how the improper choice of screw or installation or maintenance of the clock contributed to the accident, and pertinent standards of the International Building Code and the International Property Maintenance Code.

## II.     Present Motion

Defendant Wal-Mart now moves to exclude Mr. Ehlinger's testimony.  Wal-Mart argues that his opinions are no more than common sense based on observations that any juror could make and are not the proper subject of expert testimony and will not assist the jury.  Plaintiff responds that Mr. Ehlinger brings his expertise in architecture and building to the case, which will assist the jury in understanding precisely how Wal-Mart's actions in installing or maintaining the wall-mounting and the physical mechanisms that allowed the clock to fall and injure Plaintiff.

## II.     Law & Analysis

"Trial courts have wide discretion in deciding whether or not a particular witness qualifies as an expert under the Federal Rules of Evidence."  *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1050 (5th Cir. 1998) (quotation omitted).  Federal Rule of Evidence 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 702 codifies the Supreme Court's decisions in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

Under Rule 702 and *Daubert*, the Court must act as a gatekeeper to ensure that expert opinion testimony is "both reliable and relevant." *Wells v. SmithKline Beecham Corp.*, 601 F.3d 375, 378 (5th Cir. 2010). "This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* (quotation omitted). With respect to reliability, the Court's focus "must be solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595.

The proponent of expert testimony bears the burden of proof to show the testimony is reliable, relevant, and admissible. *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). To meet this burden, a party cannot simply rely on its expert's assurances that he has utilized generally accepted scientific methodology. Rather, some objective, independent validation of the expert's methodology is required. *Id.* Nonetheless, the Court's role as a gatekeeper does not replace the traditional adversary system and the place of the finder of fact within that system. *Daubert*, 509 U.S. at 596. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id.* (citing *Rock v. Arkansas*, 483 U.S. 44, 61 (1987)). As a general rule, questions relating to the bases and sources of an expert's opinion go to the weight of that evidence, rather than its admissibility, and should be left for the finder of fact. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).

An expert's testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. "There is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute." *Vogler v. Blackmore*, 352 F.3d 150, 156 n.5 (5th Cir. 2003) (citing Fed. R. Evid. 702 advisory committee's note). If "the jury could adeptly assess this situation using only their common experience and knowledge," the Court has discretion to exclude purported expert testimony on the subject. *See Peters v. Five Star Marine Svc.*, 898 F.2d 448, 450 (5th Cir. 1990).

Wal-Mart argues that Mr. Ehlinger simply observes that the screw was loose and had wallowed in the wall, and that any lay witness or juror can make the same observation. But as Plaintiff points out, Mr. Ehlinger offers more than simple observation that the screw was loose and his architectural expertise will assist the jury to understand issues in the case. For example, Mr. Ehlinger opines regarding the specific type of "bugle headed self-drilling self-tapping type drywall screw" that attached the clock to the wall and other, more suitable types of screws that could have been used. He also opines regarding the dynamics of how the clock was attached to the wall, how that connection failed, and how the accident could have been caused by the actions or omissions of Wal-Mart.

Mr. Ehlinger's report draws upon his expertise as an architect and goes beyond the common experience and knowledge of the jury. His opinions are appropriate subjects for expert testimony and will assist the jury. Wal-Mart's criticisms go to the weight of his testimony; Wal-Mart is entitled to cross-examine Mr. Ehlinger and to argue to the jury that his opinions are not

entitled to any more weight than the jury's own common sense.

## III. Conclusion

For the foregoing reasons, Plaintiff's motions to exclude Mr. Ehlinger (Rec. Doc. 35) is GRANTED.  Plaintiff's motion to exclude Mr. Wolfson (Rec. Doc. 34) is GRANTED.

New Orleans, Louisiana, this 17th day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE